THE LONG ISLAND FERRY COMPANY, Respondent, v. HENRY S. TERBELL, Executor, etc., Appellant.

The salary allowed to an officer of a corporation is presumed to be for services to be performed by him as such. Where, therefore, with the assent and co-operation of such officer, all the property, business and franchises of the corporation are sold, so that he has no further duty to perform, there is no basis in law or equity for a claim, upon his part, that the salary continues, and the contract, as to salary, will be deemed to be canceled, although the corporation itself is not dissolved.

(Argued January 2, 1872; decided May term, 1872.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial district, setting aside a verdict in favor of plaintiff and ordering a new trial.

This action was commenced against Gerrit Smith, defendant's testator, to recover money collected by him as president of the plaintiff. He claimed to retain the money and apply the same upon his salary as president. The only question

* Owing to the appointment of LEONARD, C., to the bench of the Supreme Court, in the first district, and his contemplated resignation of his seat in the commission, the decisions of this term were handed down upon the first day of term (May 7th), instead of, as usual, upon the last day. (REP.)

litigated was whether the salary claimed was due to him. At the close of the evidence the court directed a verdict for the defendant, and stayed the entry of judgment, and ordered the motion for a new trial upon exceptions to be heard in the first instance at the General Term.

The facts appear sufficiently in the opinion.

*Joshua M. Van Cott* for the appellant. The corporation was not dissolved by the transfer. (*Brinkerhoff* v. *Brown*, 7 J. Ch., 217; *Bradt* v. *Benedict*, 17 N. Y., 93.)

*Amasa J. Parker* for the respondent.

EARL, C. The Long Island Ferry Company was incorporated in May, 1859, under the general act authorizing the formation of such companies, passed in 1853, for the purpose of running ferries between New York and Brooklyn. Prior to that time, the parties interested in the corporation had been carrying on the ferry business as a joint-stock association, of which Smith was president, and such association was merged in the corporation. He was continued and acted as president of the corporation. In June, 1859, the directors of the corporation adopted resolutions making the office of president a salaried office, and fixing the salary at $2,500 per year. Under these resolutions Smith was paid his salary to May 2, 1860, and he claimed to apply the money collected by him, and claimed by the plaintiff, upon his salary, which accrued subsequently to that time.

In February, 1860, an agreement was made between the plaintiff and the Brooklyn Ferry Company, by which the former sold to the latter all its lands, boats, fixtures and other property connected with and used in its business, and also the privilege or license to run the ferries, and agreed to take in payment therefor stock in the latter company for the stockholders of the former, the latter also agreeing to pay certain debts of the former. This agreement seems to have been negotiated by Smith on the part of the plaintiff, and

was signed by him, and was approved by the stockholders. At a meeting of the stockholders held February 21, 1860, a resolution was adopted requesting the stockholders to return to a committee the scrip of stock in the company to be canceled, and the directors appointed a committee to settle and wind up the affairs of the company.

After the sale and transfer of its property, as above mentioned, it does not appear that the plaintiff ran any ferries or did any business as a ferry company. The plaintiff offered on the trial to show that it did not in fact run any ferries or do any ferry business after that, and the court, upon the objection of the defendant, excluded the evidence and gave plaintiff an exception.

There was a meeting of the board of directors held in July, 1860, at which Smith presided, and it does not appear that he rendered any other service as president after May 2, and no other meeting of the directors was held after that.

It is quite clear that it was the intention of the directors and stockholders to merge the plaintiff into the Brooklyn Ferry Company, to which all its property and business were transferred, and to wind up and close its business as a ferry company.

Under such circumstances, was Smith entitled to any salary as president after the sale and transfer of plaintiff's property and business as above mentioned? We are of the opinion that he was not.

We must assume that the salary was provided as a compensation for services which the president was expected to perform for the company, and when, with the assent of Smith, and by his co-operation, the company disposed of all its property and ferry business, so that, so far as appears, he had no further duty to perform or service to render as president, there was no basis in law or equity for his claim that his salary should continue. The contract as to salary must be deemed dissolved by the act and consent of the parties.

It is unnecessary to consider whether all the acts above mentioned worked a dissolution of the plaintiff as a corpora-

tion. The defendant claims that no dissolution has taken place, and the plaintiff, while in court, suing in its corporate name, cannot well claim that it has ceased to exist. Upon the dissolution of a corporation, the directors then in office become trustees to settle up its affairs, and suits must then be commenced in the names of such trustees. (1 R. S., 601, §§ 9, 10.) This suit was not brought, or defended or tried, upon such a theory.

The order of the General Term must be affirmed, and judgment absolute ordered for plaintiff, with costs.

All concur.

Judgment accordingly.