JOHN M. C. RODNEY, Respondent, *against* THE SOUTHERN RAILROAD ASSOCIATION, Appellant.

(Decided December 6th, 1886.)

In an action to recover salary as an officer of defendant corporation, it appeared that defendant was incorporated for the purpose of leasing and operating certain railroads; that, after plaintiff's election as treasurer, the leased roads consolidated with other roads with defendant's consent, and a new corporation was formed to operate the consolidated roads, of which plaintiff was made assistant treasurer at an increased salary; that plaintiff, together with the other officers of defendant, remained such for several years, although plaintiff's duties other than keeping certain securities and the receiving and transferring of collections, etc., and effecting loans (a matter of a few days' employment), were slight and merely formal, the business of defendant prac-

tically ceasing when the consolidation took place. *Held*, that plaintiff was entitled to the stipulated salary as treasurer, he having some duties to perform as such.

APPEAL from a judgment of this court entered on the report of a referee.

The action was brought to recover for salary as treasurer of defendant corporation from July 1st, 1874, to January 26th, 1877, at the rate of $2,000 per annum.

The defendant, the Southern Railroad Association, was chartered by the State of Tennessee in order, apparently, that it might take leases of the Mississippi Central Railroad and connecting railroads and exercise their franchises. It proceeded to do so until about July 1st, 1874, when, by its act and consent, the Mississippi Central Railroad was consolidated with the New Orleans, Jackson & Great Northern Railroad Company, whereby a new corporation was formed under the name of the New Orleans, St. Louis & Chicago Railroad Company, and thereafter the defendant ceased to transact any business as lessee of the Mississippi Central Railroad Company.

The plaintiff, who was treasurer of the defendant at the time of the consolidation at a salary of $2,000, was immediately made assistant treasurer of the new company, at a salary of $2,500. He and the other officers of the defendant remained such officers until January, 1877, although there were only such duties to perform for that company as the safe keeping of its securities (which were however deposited in the safe of the new corporation), the closing up of the business of defendant, receiving and transferring collections, etc., and effecting loans amounting to $218,000. As to this latter, it might have taken him an hour, or two or three days, and with the exception of this, the services were mainly slight, and some merely formal, for the business of the defendant, as far as plaintiff had any charge of it, praccally ceased when the consolidation took place.

*F. S. Bangs*, for appellant.

*David Willcox*, for respondent.

DALY, J. — [After stating the facts as above.] — It is urged by appellant that the case falls within the rule laid down in *Long Island Ferry Co.* v. *Terbell* (48 N. Y. 427), that "the salary allowed to an officer of a corporation is presumed to be for services to be performed by him as such. Where, therefore, with the assent and co-operation of such officer, all the property, business, and franchises of the corporation are sold, so that he has no further duty to perform, there is no basis in law or equity for a claim upon his part that the salary continues, and the contract as to salary will be deemed to be cancelled, although the corporation itself is not dissolved." It will be seen that the case before the court was an extreme one, in which the officer had no duties whatever to perform; and the rule established is, in effect, "no duties, no pay." But this is inapplicable where there are duties performed for the company by the officer in virtue of his office, no matter how few or slight those duties may be, providing they are substantial, and not merely nominal or trifling. In considering the question whether salary runs with the office, and that question depends upon whether any duties are imposed upon and performed by the officer, we cannot distinguish between degrees of service or amount of work. The test is whether anything is left for the officer to do; if there be, then we must hold that the presumption is that his salary continues; there is a basis both in law and equity for a claim, and it cannot·be deemed that the contract as to salary is cancelled.

Judgment should be affirmed, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment affirmed, with costs.