METROPOLITAN RUBBER CO. v. PLACE.

(Circuit Court of Appeals, Second Circuit. May 22, 1906.)

No. 241.

1. CORPORATIONS—SALARY OF OFFICER—ACTION TO RECOVER.

A by-law of a corporation provided that the salaries of its officers should be fixed at the end of each year's service at the annual stockholders' meeting, and authorized the treasurer to advance during each year, in respect to such salaries, a sum not exceeding, "to the president, $7,700." Plaintiff was president for a number of years, during the later ones of which no stockholders' meetings were held. At the last one held his

salary for the last preceding year was fixed at $9,000, and such sum was regularly paid to him thereafter for two or three years, and after that payment was deferred for business reasons. Owing to changes in the business, the duties of the president were less onerous during the later years, until plaintiff sold his stock and retired from the presidency. *Held*, that the provision of the by-laws implied an agreement by the corporation that the president should be paid a salary, and that in an action to recover the arrears, in view of the fact that there had been some lessening of the services performed by plaintiff since his last annual salary was fixed, the court properly submitted the question of their reasonable value to the jury.

2. SAME—ACTION AGAINST—ABATEMENT BY DISSOLUTION.

The provision of Gen. St. Conn. 1902, § 3396, that corporations which are dissolved shall be deemed to continue so far as to enable them to prosecute and defend suits by and against them, applies to a corporation originally organized under the general laws of the state, although afterward reorganized under a special act, and the dissolution of such a corporation does not abate an action pending against it.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2483.]

3. SAME—PROCEEDINGS FOR DISSOLUTION—CONCLUSIVENESS OF DECREE BARRING CLAIMS.

A decree entered in a statutory suit for dissolution of a corporation, barring all claims against the corporation which were not presented for allowance pursuant to a previous order of the court, of which due notice was given, concludes all creditors or claimants so far as relates to the assets of the corporation of which the court acquired possession, the proceeding being essentially one in rem, but cannot affect the right of a creditor who was a nonresident of the state to maintain an action against the corporation on his claim, unless he was brought in by personal service upon him or appeared in the suit.

In Error to the Circuit Court of the United States for the Southern District of New York.

Guy Cunningham and Charles Neave, for plaintiff in error.

A. C. Shenstone, for defendant in error.

Before WALLACE, LACOMBE and COXE, Circuit Judges.

WALLACE, Circuit Judge. This action was brought against a Connecticut corporation to recover salary alleged to have accrued to the plaintiff as its president for the period from March 1, 1898, to March, 1901. The defense was originally a denial of liability, but by suggestion upon the record and by supplemental answer the further defenses were interposed of the abatement of the action by the dissolution of the defendant since the commencement of the action, and a subsequent decree barring the plaintiff's demand made by the state court of Connecticut in an action brought for dissolving and winding up the corporation.

The assignments of error present the questions of the general right of the plaintiff to recover salary upon the facts proved, of the effect of the dissolution of the corporation as an abatement of the action, and of the effect of the Connecticut decree.

It appeared upon the trial that the plaintiff had been, from the organization of the defendant in 1890, its president and one of its largest stockholders. In 1893 a by-law was adopted by the corpora-

tion, providing that the respective salaries of the president, treasurer, and secretary "for the calendar year be fixed at the annual stockholders' meeting," and authorizing the treasurer to advance during each year in respect of such salaries a sum not exceeding, "to the president, $7,700." In 1895 the annual meeting of stockholders, which should have been held in March, was not held; but in June, at a special meeting of the stockholders, at which all of them were represented, the corporation fixed the salary of the president for the preceding year at $9,000. No further action was ever taken by the corporation in regard to the salaries of its officers. For the ensuing three years the salary of $9,000 was regularly paid to the plaintiff as theretofore in monthly installments. The first month's salary for 1898 was likewise paid. Shortly before the last payment the defendant discontinued an important branch of its business, and in consequence the services required of the president were materially curtailed, and much less time was subsequently devoted by him to its business. In 1899 the treasurer and principal stockholder of the defendant became insane, and a temporary treasurer was appointed, and in March, 1900, a treasurer was regularly elected. Evidence was given by the plaintiff tending to show that after the original treasurer became insane his successors recognized plaintiff's demands for his salary, but suggested reasons why payment should be deferred pending negotiations for the formation of a trust between the defendant and other concerns. In 1901 the plaintiff sold his stock in the corporation, and terminated his relations with it.

Upon the foregoing facts we have no doubt that the trial judge properly left the case to the jury, with the instruction, in substance, that, if they found that the plaintiff after 1898 continued to perform large and important services for the defendant as its president, he was entitled to be paid a salary commensurate with their value.

It is well settled that the officer of a corporation, who is a stockholder, is not entitled to compensation for the services performed by him as such officer, in the absence of any agreement or expressed assent by the governing body of the corporation that he shall be paid. In the absence of some promise in advance, the law implies that such services are performed without expectation of reward, and because of the interest of the stockholders in the affairs of the corporation.

It is plain that the corporation in the present case, by its by-law, had promised that a yearly salary should be paid its president, and that the amount should be fixed after the expiration of each year of service. It was the meaning of the by-law, not that no salary should be paid unless one should be fixed at the annual meeting, but that one should be paid and the amount fixed at the annual meeting, unless it was considered that none should be allowed in excess of that which the treasurer had in the meantime advanced. Its true construction is not that the advances may be made at the discretion of the treasurer, but that he have the requisite authority to make them up to the specified limit. The by-law rebuts any presumption that the officers named in it were to serve without compensation, and is in

effect a promise of salary to the president of at least $7,700 per annum.

The case is in some respects like that presented in Farmers' Loan & Trust Co. v. Housatonic R. R. Co., 152 N. Y. 251, 46 N. E. 504. In that case resolutions had been annually adopted to pay the president a specified sum "for the ensuing year." By the last resolution there was "voted to the president a salary of $5,000 a year." Thereafter there was no resolution of the directors for 15 years, but the corporation continued to pay the salary of $5,000. A new president was elected, and served for two years without drawing any salary. The court, after suggesting that the resolution might be treated as standing authority for the payment of the salary of $5,000 to the individual who might fill the office, said:

"If that was not so. it was at least a question for the jury whether, from the existence of the resolution, the acquiescence of the directors, and the conduct of the plaintiff, it was not so understood and treated by the parties concerned."

The circumstance that the duties of the plaintiff became less onerous to himself, and his services less valuable to the defendant, by reason of the relinquishment by the corporation of one branch of its business, did not absolve the defendant from all liability. It is only when there is such a change in the business of the corporation that the officer has no longer any duties to perform that the contract to pay salary may be considered abandoned or dissolved. Long Island Ferry Co. v. Terbell, 48 N. Y. 427. When the change is such as to minimize the value of the services, it is to be expected that the directors will take action to reduce the future salary; and, if they do not, it may be reasonably presumed that both parties understand the previous arrangement to be still in force.

It is unnecessary to decide whether the plaintiff would have been entitled to recover the amount of salary which had been fixed by the by-law, or at the meeting of stockholders in 1895, as the case was not left to the jury upon this theory. If there had been no change in the nature and extent of the services rendered by the president, in view of the fact that for several years subsequently that salary had been paid to him by the corporation, and in view of the explanation why no salary was paid during the remainder of his term of service, we think the jury would have been warranted in allowing him the amount which had been fixed by the corporation in 1895. When there has been a contract for service for a year, and the same service is continued for the succeeding year without any new contract, it is to be implied that the parties have assented to the renewal of the original contract. Wood, Master & Servant, § 96.

The contention that the action abated by the dissolution of the corporation would undoubtedly have to prevail, were it not for the effect of the Connecticut statute. Chapter 198, § 3396, Gen. St. Conn. 1902. The statute provides that all corporations "which are dissolved by voluntary action, or by decrees of court, or by act of the General Assembly, shall be deemed to continue so far as to enable them to prosecute and defend suits by and against them." It is

argued that this provision does not include corporations of Connecticut, which have been incorporated by a special act of the General Assembly, and only applies to those which have been incorporated under the general laws of the state. The present corporation was originally incorporated under the general laws, and was reorganized pursuant to a special act passed in 1890. The averment of the complaint is that the defendant "is a corporation duly organized and existing under the laws of the state of Connecticut," and the answer admits this averment in hæc verba. The special act of 1890 did not dissolve the old corporation, and may be regarded as amendatory in substance and effect of the existing grant of corporate powers. This view is consistent with the averments and admissions of the pleadings. We think section 3396 applies, and that the action did not abate. Consequently it will not serve any useful purpose to enter upon an analysis of the statutory law of Connecticut previous to the revision of 1902 to ascertain whether section 3396 is intended to apply only to corporations organized under the general law.

The defense that the Connecticut decree was a bar to the action rests upon the following facts: After the present action had been commenced, and in March, 1902, a suit in equity was brought in a Connecticut state court pursuant to the provisions of the Connecticut statutes by certain stockholders of the defendant to obtain a dissolution and wind up the affairs of the corporation. The statute authorized the court in which the suit was brought, among other things, to limit a time not less than four months for creditors to present their claims. The plaintiff was not named or served with process as a party to that suit. In May, 1902, the court made an order that all creditors present their claims within four months. The plaintiff did not prove his claim. In April, 1903, the court made a final decree adjudging, among other things, that all claims against the corporation, including specifically the plaintiff's claim, had been forever barred. The only notice of the order to creditors to prove their claims which was ever given to the plaintiff was by publication in a Connecticut newspaper and the mailing of a copy addressed to him. During all the time from the commencement to the final decree in Connecticut the plaintiff was a citizen and resident of the state of New York.

The Connecticut suit was of the nature of a proceeding in rem, and concludes all creditors of the corporation, as well as all other persons interested in the res, so far as its decree dealt with the assets of the corporation of which the court acquired possession; and this is so whether the creditors were made parties in person or not, or whether or not there was ever any personal service of process upon them, if the substituted service was made in the manner authorized by the statutes of Connecticut; but the decree could not otherwise affect their demands against the corporation, unless these demands were adjudicated after due notice and an opportunity to be heard had been given to them; and this notice could only be effectually given as to nonresidents of the state by personal service of process. Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Hart v.

Sansom, 110 U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101; Cole v. Cunningham, 133 U. S. 107, 114, 10 Sup. Ct. 269, 33 L. Ed. 538; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 33 L. Ed. 918. As the Connecticut court never acquired jurisdiction of the person of the plaintiff, it cannot be seriously questioned that its decree could not affect his right to recover in this court. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Wilson v. Seligman, 144 U. S. 41, 12 Sup. Ct. 541, 36 L. Ed. 338; Leadville Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. 28, 35 L. Ed. 824. See, also, Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357.

The judgment is affirmed.