COLUMBUS IRON WORKS *et al.* v. SIBLEY, receiver, *et al.*

1. Members of a numerous class may be represented by a few of the class in litigation which affects the interest of all.

2. While funds raised under a proceeding in the nature of a creditors' bill

Creditors Suits, 15 C. J. p. 1437, n. 26, 31.
Parties, 30 Cyc. p. 133, n. 88.

remain in the custody of the court, creditors having claims thereon may be made parties and assert their rights thereto.

3. Where a petition in the nature of a creditors' bill was filed by certain creditors on behalf of themselves and all other unsecured creditors of a bankrupt against the receiver appointed by the court to take charge of the assets of the bankrupt, etc., and the trial judge made an order fixing a time limit of a little less than two months within which creditors who were not parties plaintiff to the original suit might intervene, and further providing that any claim not so filed by creditors within the time so fixed should be barred from participating in or receiving any share of the assets in the hands of the receiver; and where the order also provided that the receiver should publish a notice once a week for two weeks between the date of the order mentioned, on or before which such creditors must intervene in the case, in a newspaper of general circulation published in the county where the suit was pending, such order was unreasonable and void as to intervenors, most of whom were non-residents of the State, and without actual notice of the order or time limit fixed therein until after the time limit had expired. Consequently the court erred in overruling a motion, on behalf of certain creditors who sought to intervene in the case, to have set aside the order fixing the time limit, etc., so far as the intervenors were concerned.

4. Where it appears from the record that after the receiver paid the creditors named in the original petition, on order of the court, 10 per cent. of their claims, out of the fund then in the hands of the receiver, and that at the time of filing the intervention there was in the hands of the receiver, undistributed, approximately $6,000 for distribution, it was error for the court to disallow the intervention in order that intervenors might prove their claims, and (if the claims were allowed) to share in the funds then in the hands of the receiver under order of the court, so that intervenors might be placed on an equal footing with the other creditors, if the fund in the hands of the receiver was sufficient for that purpose.

No. 5616.  APRIL 15, 1927.

Equitable petition. Before Judge Wood. Cobb superior court. July 24, 1926.

*J. Glenn Giles,* for plaintiffs in error.

*Alston, Alston, Foster & Moise* and *L. M. Blair,* contra.

HILL, J.  On October 22, 1924, the Black Builders' Supply Co., a corporation of Marietta, Georgia, was adjudicated a bankrupt, and W. H. Sibley was elected trustee. Columbus Iron Works and others were unsecured creditors of the bankrupt, and filed proof of their several claims with the referee in bankruptcy. On February 17, 1925, the Pittsburgh Plate Glass Co. and a large number of other creditors brought suit in the superior court of Cobb County, plaintiffs in error here not being among the number, against the bankrupt and others, praying for receiver, etc., and

judgment against the defendant for the sums claimed to be due by the defendant, etc. W. H. Sibley was appointed receiver. He took charge of the assets of the bankrupt. The original petition was filed by the named creditors in behalf of themselves and all other unsecured creditors of the bankrupt. On May 22, 1925, the judge passed an order, on petition of the receiver, fixing a time, limited to July 20, 1925, within which creditors who were not parties plaintiff to the suit might intervene, and further providing that any claim not so filed by creditors within the time so fixed "shall be forever barred and foreclosed from participating in or receiving any share of the assets in the hands of the said Wm. H. Sibley, as receiver in this cause." The order also provided that the receiver should publish a notice once a week for two weeks between the date of this order and the date mentioned, on or before which such creditors must intervene in this case, in a newspaper of general circulation published in the City of Marietta. On July 23, 1926, the plaintiffs in error filed their intervention asking to be made parties plaintiff, with the right to share in the dividends in the State court. The plaintiffs in error filed a motion asking that the order of May 22, 1925, be vacated and set aside. The defendants filed an answer admitting some of the allegations of the petition and denying others. After considering the above motion to vacate and the petition for intervention, the court overruled the motion and disallowed the intervention; to which orders the plaintiffs in error excepted.

The petition of Pittsburgh Plate Glass Co. et al. against Black Builders' Supply Co. et al. was filed evidently as a creditors' petition under the Civil Code (1910), § 4600, which provides that creditors' petitions may be filed at the instance of any creditor, the privilege being extended to all to appear and become parties in a reasonable time. The third paragraph of the petition alleges that "this suit is brought by the aforementioned creditors of said the Black Builders' Supply Co. in behalf of themselves and all other creditors of said the Black Builders' Supply Co." In paragraph 12 it is alleged: "There are other creditors of said the Black Builders' Supply Co. besides your petitioners. Any recovery that may be had in this suit will be for the benefit of all the creditors of the Black Builders' Supply Co., including both your petitioners and the other members of the class represented

by your petitioners, who are not parties to this suit," etc.   The
Civil Code (1910), § 5415, provides that "Members of a numerous
class may be represented by a few of the class in litigation which
affects the interest of all."   And § 5418 provides, that, "While
the funds raised under a proceeding in the nature of a creditor's
bill remain in the custody of the court, creditors having claims
thereon may be made parties and assert their right thereto."   The
plaintiffs in error, alleging that they too were creditors of the
Black Builders' Supply Co., which had been adjudicated a bank-
rupt, filed their petition against Wm. H. Sibley as receiver ap-
pointed in pursuance of the prayers of the creditors' bill, praying
that they might be made parties to that cause, and for the allow-
ance of their claims.   On May 22, 1925, the court passed an order
on the original petition, fixing a time limit of July 20, 1925, for
the allowance of claims.   In the petition for intervention on the
part of plaintiffs in error, filed on July 23, 1926, they prayed,
among other things, that this order fixing a time limit should
be vacated and set aside, and that they be allowed to participate
in the funds in the hands of the receiver, who as trustee in bank-
ruptcy had been allowed to intervene in the petition filed by the
original plaintiffs in the creditors' bill.   After a hearing on the
petition to intervene by the plaintiffs in error, the court declined to
vacate the order sought to be set aside and disallowed the interven-
tion; and it is this ruling of the court to which exception is taken.
It is insisted by plaintiffs in error, as one reason why the order
sought to be vacated should be set aside, that the time limit fixed
in the order was too short and was unreasonable.   Under the time
limit fixed in that order the plaintiffs in error were excluded, as
creditors of the bankrupt estate, from participating in funds in
the hands of the receiver, a part of which had been distributed
to the creditors filing their claims within the time limit, to the
extent of ten per cent. of their claims.   Under the order of the
court the notice given to creditors was published once a week for
two weeks in a newspaper where the legal advertisements of the
county where the suit was pending were published; and it is
insisted that plaintiffs in error had no actual notice of the order
or of this publication, and that on account of its being published
for only two weeks it was unreasonable and void.

   The Civil Code (1910), § 5556, provides: "In all cases where

the defendant or other party resides out of this State, and it is necessary to perfect service upon such person by publication, upon the fact being made to appear to the judge of the court in which suit is pending, either in term or vacation, said judge may order service to be perfected by publication in the paper in which sheriff's advertisements are printed, twice a month for two months. Said published notice shall contain the names of the parties plaintiff and defendant, with a caption setting forth the court and term and character of the action, and a notice directed and addressed to the party to be thus served, commanding him to be and appear at the next term of the court, and shall bear test in the name of the judge and be signed by the clerk of said court." As already stated, the order in the present case provided for the publication of the notice only once a week for two weeks, instead of twice a month for two months, as provided by the foregoing section of the code; and it is insisted that the notice given was unreasonably short. It is also insisted that the notice should bear test in the name of the judge and be signed by the clerk of the court, and that the notice in the present case did not do either. While the above section of the code applies to suits between original parties, yet we are of the opinion that by analogy it has a bearing upon the present case. We are also of the opinion that the prayer of intervenors' petition to vacate and set aside the order fixing the time limit in this case should be granted, so far as intervenors are concerned, on the ground that the order does not provide for sufficient notice to other creditors living outside of the State. On the other hand, it is argued that counsel for these creditors, who lived in the same town where the proceedings were pending, and where the notice was published, was negligent in not following up the information he had with reference to the pending proceedings and the advertised notice, etc. While counsel for these creditors might not have been as diligent as he should have been in ascertaining all of the facts with reference to notice to creditors, etc., yet we can not say, from the evidence in the record, that he had specific notice of the suit in the creditors' petition and of the order passed in that case fixing the time limit in which other creditors should file their claims.

In 34 Cyc. 242 (b), it is stated: "Where, on the application of the receiver of an insolvent corporation, an order is granted

for the publication of notice to the creditors, and notice is duly published, claims not exhibited within the time specified in the notice are precluded in that proceeding from sharing in the assets. This result is held to follow, however, where there has been, in the meantime, a final distribution of the funds in the hands of the receiver, based upon claims proven. If a reasonable excuse for delay to make an earlier claim is shown, the court may, in its discretion, permit a creditor to come in and prove his claim at any time before actual distribution, or even after partial payments, if there is a surplus in the hands of the receiver, so as not to interfere with payments already made." It appears from the record in the present case that after paying out to certain creditors, who filed their claims within the time limit fixed by the court, ten per cent. of their claims under order of the court, there still remains in the hands of the receiver, due to the creditors, approximately the sum of $6000; and we are of the opinion that under the facts of this case the intervenors should be allowed to share in that fund until their claims are paid to the extent that the other creditors' claims have been paid, provided there is money enough to do so. In 23 R. C. L. 103, § 114, it is said: "The general doctrine that where there is a fund in court to be distributed among different claimants, a decree of distribution will not preclude a claimant not embraced within its provisions, but having rights similar to those of other claimants who are thus embraced, from asserting by bill or petition his right to share in the fund, is established by numerous authorities both in England and the United States. That a receiver has made a partial distribution of the funds in his hands will not preclude one entitled to pursue funds coming to the hands of the receiver from relief from an election to treat the bank as a debtor, where the receiver still has in possession assets largely exceeding the amount of the claim, and the mistake of law may be corrected without injury to the trust estate, although the specific money is no longer in the hands of the receiver." In Bank of Washington *v.* Creditors, 80 N. C. 9, it was held that "A creditor, bona fide ignorant of the proceedings had for the distribution of a fund, will be allowed to come in and prove his claim against the estate, after the time fixed for presentation and proof of claims." In Metropolitan Rubber Co. *v.* Place, 147 Fed. 90 (3), it was held that "A decree entered in

a statutory suit for dissolution of a corporation, barring all claims against the corporation which were not presented for allowance pursuant to a previous order of the court, of which due notice was given, concludes all creditors or claimants so far as relates to the assets of the corporation of which the court acquired possession, the proceeding being essentially one in rem, but can not affect the right of a creditor who was a non-resident of the State to maintain an action against the corporation on his claim, unless he was brought in by personal service upon him or appeared in the suit." The Civil Code (1910), § 4571, provides: "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." It appears in this case that the other creditors have received all that they were entitled to under the law and the evidence. The Civil Code (1910), § 4522, provides: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Here the court has jurisdiction of all the parties to the original suit, and it has about $6000 in the hands of the receiver; and we are of the opinion, under the foregoing authorities and the facts of this case, that in order to do complete justice, the funds in the hands of the receiver, after paying proper costs, if any, should be prorated between the intervenors after the intervention is allowed, so that they may be put upon an equal footing with the creditors who have already received a payment under the order of the court, provided the fund in the hands of the receiver is sufficient for that purpose. For these reasons we think the court erred in not setting aside the order so far as intervenors are concerned, and in disallowing the intervention.

*Judgment reversed. All the Justices concur.*