CALHOUN NATIONAL BANK *v.* BENTLEY *et al.*

ATKINSON, Presiding Justice. 1. In an equitable suit by a creditor against a non-resident tenant in common, seeking a money judgment and a special lien on his interest in the land, service may be perfected by publication as provided by the Code, § 81-205. If after such service a verdict in favor of the plaintiff is returned, on which is rendered a decree ordering sale of defendant's interest in the land by a named commissioner, and a sale is duly made and confirmed by the court, and a deed is executed to the purchaser on payment of the purchase-price, the decree and subsequent named actions predicated thereon will not be set aside or treated as void, at the instance of another creditor as holder of a junior attachment execution, on the grounds that the court was without jurisdiction, because there was no legal seizure of the property, or because, the land being defendant's property in this State, the plaintiff had an adequate remedy at law.

(*a*) The decisions in *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363), *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (145 S. E. 87), and similar cases, holding that ordinarily jurisdiction in rem may be acquired by seizure of property of non-residents found in this State, do not exclude acquisition of jurisdiction to render judgment in rem where notice is given by statutory publication.

(*b*) The case differs from *Grimmet* v. *Barnwell*, 184 *Ga.* 461 (192 S. E. 191, 116 A. L. R. 257), where the petition was met by special appearance on motion to dismiss, and direct exception to overruling of such motion was taken. The question of collateral attack was not involved in that case.

2. The judge, to whom the case was submitted upon all questions of law and fact without a jury, was authorized by the pleadings and the evidence to render the judgment for the defendant, upon which error is assigned.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

No. 12905. NOVEMBER 29, 1939.

*Erwin & Allen,* for plaintiff.

*Y. A. Henderson* and *T. H. Lang,* for defendants.