UNITY LIFE INSURANCE COMPANY *et al. v.* HULSEY.

JENKINS, Presiding Justice. A Georgia holder of endowment policies in a South Carolina life insurance company brought in the superior court a petition against that company and an Alabama life insurance company, to enjoin the insurer from transferring to the latter company certain assets in consideration of the latter reinsuring the policyholders of the insurer company, with optional rights to surrender their policies and receive the cash values therein provided. The record shows that this

transfer agreement between the companies was authorized by a final decree of a South Carolina court, under a receivership pending there since 1941. This decree not only recited "due notice" to the policy-holders of the insurer company as to the proposed terms of the decree, given more than four weeks before it was entered, but provided for service on them by publication as to its effect, as well as sending them notice by mail. The decree, dated April 22, 1943, provided that the proposed transfer of assets be made on May 15, 1943, and elections by policyholders be made by that date. This petition was filed on May 12, 1943, and alleged that the petitioner received his first notice or knowledge of the proceeding on May 10. The defendant companies at-tacked the jurisdiction of the court, on the ground that the superior court could not grant the relief prayed for, because of the prior receiv-ership proceeding in the South Carolina court. They except to adverse rulings on their pleadings, the rejection of their evidence as to the South Carolina proceedings, and the grant of an interlocutory injunc-tion. *Held:*

1. Where one court has jurisdiction and takes possession of property through the appointment of a receiver, rules of comity and necessity ordinarily preclude interference by another court with the possession first acquired of the property and the completion of the receivership proceeding. *Young* v. *Hamilton*, 135 *Ga.* 339, 346, 347 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144). Ordinarily in such cases a claim "for equitable remedies should be asserted in the original suit under which the seizure was made." *National Bank of Augusta* v. *Richmond Factory*, 91 *Ga.* 284, 296 (18 S. E. 160); *Blumenfeld* v. *Citizens Bank & Trust Co.*, 168 *Ga.* 327 (2), 330 (147 S. E. 581); *Coker* v. *Norman*, 162 *Ga.* 351 (133 S. E. 740), and cit.; Wabash Railroad *v.* Adelbert College, 208 U. S. 54 (28 Sup. Ct. 182, 52 L. ed. 379); Heid-ritter *v.* Elizabeth Oil Co., 112 U. S. 294-305 (5 Sup. Ct. 135, 28 L. ed. 729); Calhoun *v.* Lanaux, 127 U. S. 634 (8 Sup. Ct. 1345, 32 L. ed. 297). Accordingly, since it appeared without dispute that a South Carolina court through its receiver has had possession of the assets of the insurer company in the State of its domicile since 1941, and that a grant of the equitable relief prayed in the present suit would neces-sarily interfere with the administration of the receivership and the final decree of the South Carolina court, the Georgia superior court was without jurisdiction to grant such equitable relief. As to that relief, it was therefore error to overrule the defendants' motion to dismiss the petition, and error to sustain the plaintiff's demurrer to the defend-ants' plea to the jurisdiction, and to grant an interlocutory injunction. With regard to the nature of the litigation in South Carolina, see Powell *v.* Gary, 200 S. C. 154 (20 S. E. 2d, 391); Morris *v.* Unity Life Insurance Co., 200 S. C. 166 (20 S. E. 2d, 388); and Ex parte Rowley, 200 S. C. 174 (20 S. E. 2d, 383).

(*a*) The South Carolina decree recites "due notice" to policyholders of the insurer company, as to the proposed terms of the decree. The present petition does not deny that constructive service, as provided in the decree, was made in conformity with South Carolina law. As to the binding effect of constructive service against non-residents when

relief is sought in rem, but not in personam, see *Simpson* v. *Bradley,* 189 *Ga.* 316 (2, 4) (5 S. E. 2d, 893), and cit.; *Calhoun National Bank* v. *Bentley,* 189 *Ga.* 355 (6 S. E. 2d, 288); *Tow* v. *Evans,* 194 *Ga.* 160 (20 S. E. 2d, 922), and cit.

(*b*) Moreover, although two days had elapsed at the time the present suit was filed since the date when the plaintiff alleges he first had actual knowledge of the South Carolina receivership proceeding, yet three days remained before the transfer of assets under the decree was to become effective. The plaintiff does not allege why he did not or could not intervene in the South Carolina proceeding, and there obtain any rights to which he would be entitled in the present suit. Furthermore, the decree in that case recites, that, after the transfer of the assets here sought to be enjoined, there will be "remaining assets," as to the disposition of which among policyholders the South Carolina court expressly retained jurisdiction to decide later; and the petition does not deny the adequacy of such "remaining assets" to afford relief. As to relief on interventions by parties at interest in proceedings analogous to the one in South Carolina, see *Gainesville National Bank* v. *Martin,* 187 *Ga.* 559 (2), 565 (1 S. E. 2d, 636); *Columbus Iron Works* v. *Sibley,* 164 *Ga.* 121 (2), 125, 126 (137 S. E. 757); *Industrial Realty Co.* v. *International Reinsurance Cor.,* 183 *Ga.* 605, 609-613 (189 S. E. 49), and cit.

(*c*) For all of the reasons stated, the instant petition and the supporting evidence at the interlocutory hearing failed to show any right to an interlocutory injunction or other equitable relief as prayed.

2. The petition prayed, for an accounting from the insurer company as to assets and liabilities, "so that this court may determine whether or not [they] are such as to enable the [insurer company] to fully perform its obligations to petitioner arising out of his policies;" and for an injunction against changing the assets, if the assets "are determined by the court to be adequate and complete for the protection of petitioner;" and that, "in the event it is made to appear that these assets are not adequate and are not being so administered as to reasonably insure adequate protection to petitioner, then that said contracts be by this court rescinded, and . . petitioner be reimbursed for the full amount of premiums paid." There was no unconditional prayer for any legal relief. Accordingly, since the legal relief conditionally prayed for was based upon the grant of the unauthorized equitable relief, the motion to dismiss the action should also have been granted with respect to this prayer, as well as with respect to the equitable relief prayed for. This is true irrespective of whether or not the prayer for the legal relief sought could have been maintained independently of the equitable prayers. Under the ruling thus made, the well-recognized principle, that an equitable petition should not be dismissed on general demurrer if it states a cause of action as to any of the equitable or legal relief prayed (*Grimmett* v. *Barnwell,* 184 *Ga.* 461, 463, 192 S. E. 191, 116 A. L. R. 257, and cit.), cannot be given application. *Judgment reversed. All the Justices concur.*

No. 14663. NOVEMBER 10, 1943. REHEARING DENIED DECEMBER 2, 1943.

*H. G. Vandiviere, Fred D. Townsend, A. J. Henderson,* and *Wise & Whaley,* for plaintiffs in error.

*Wheeler, Robinson & Thurmond,* contra.