## 57447. TAPLEY v. PROCTOR.

UNDERWOOD, Judge.

This proceeding arose as a result of a prior case, Civil Action No. 2772, Camden Superior Court, (hereafter referred to as Civil Action 2772) in which James C. Proctor sued Maggie Tapley in her capacity as administratrix of the estate of James S. Jackson. Proctor's suit was for a money judgment based on debts owed by Jackson dating back to 1953. Tapley, a resident of New York, was never served personally, but there was service by publication after which copies of the published notice and summons were sent to her by certified mail. On May 10, 1977 the superior court issued an order declaring that service on Tapley by publication had been perfected and granted Proctor a default judgment.

Tapley initiated the instant case, seeking to have the judgment in Civil Action 2772 declared null and void on the ground that service of process in that case was insufficient and the court had no jurisdiction over Tapley.

The trial court found that service upon the administratrix by publication in Civil Action 2772 was sufficient and let the prior judgment stand. We reverse.

Code Ann. § 110-709 provides: "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code Ann. § 81A-104 (e) (1) (i) provides that "[w]hen the person on whom service is to be made resides out of the State . . . and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the

service is to be made, and that he is a necessary or proper party to the action, such judge or clerk may grant an order that the service be made by the publication of summons." Code Ann. § 81A-104 (i) provides, in pertinent part, that "[t]he provisions for service by publication herein provided shall apply in any action or proceeding in which service by publication now or hereafter may be authorized by law . . ." In interpreting these two provisions, this court has held that "There is no provision in this state whereby courts may acquire jurisdiction over a defendant by service by publication and then render an in personam judgment against him." *Veal v. General Accident Fire &c. Assurance Corp.,* 128 Ga. App. 610, 611 (197 SE2d 410) (1973).

Proctor contended there was service by certified mail. However, our Supreme Court has held "in order for the court to bind nonresidents by its judgments in personam there must be personal service or waiver of personal service upon such nonresidents. [Cits.] This requirement has not been changed by the enactment of the 1966 Civil Practice Act . . . Accordingly, the attempted service on the nonresident defendant by certified mail was not such service as was required by law. Since the defendant did not waive personal service, but rather filed a plea to the jurisdiction, she was not subject to the court's jurisdiction." *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233) (1971).

The appellant contends that the nonresident administratrix subjected herself to the jurisdiction of Georgia courts when she accepted appointment by Georgia courts to administer the estate and that service by publication is proper when such nonresident administratrix is sued in her representative capacity. However, we are cited no authority for this contention. In *Faughnan v. Bashlor,* 163 Ga. 525 (136 SE 545) (1927), cited by appellant, service by publication upon a nonresident administratrix was permitted but that was an in rem proceeding involving title to a specific tract of land. *Calhoun Nat. Bank v. Bentley,* 189 Ga. 355 (6 SE2d 288) (1939) also held that jurisdiction could be acquired to render a judgment in rem where service was by statutory publication. However, in Civil Action 2772 a money

judgment was sought and obtained against the administratrix. To characterize the action as one against the administratrix in her representative capacity does not make the judgment in rem. "The only statutory authority vested in the courts of law of this State to seize and subject the property of a non-resident debtor to a judgment *in rem* is contained in the attachment law. The Code, § 8-111, requires the plaintiff in attachment to give a specified bond. This is jurisdictional, and its absence renders the proceedings fatally defective." *Grimmett v. Barnwell,* 184 Ga. 461, 464 (192 SE 191) (1937).

Proctor, the plaintiff in Civil Action 2772, did not proceed under Code Ann. § 8-111 and the judgment obtained was not in rem, but was in personam.

Since service by publication upon a nonresident is not sufficient to support a judgment in personam it follows that the judgment of the trial court must be reversed.

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED JUNE 19, 1979.

*Robert P. Killian,* for appellant.
*Beverly H. Nash,* for appellee.