**Robert L. SCHWIND, Plaintiff,**

v.

**Edwin F. GORDON and Julian D. Halliburton, Defendants.**

**Civ. A. No. C81–1449A.**

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 11, 1982.

---

Robert L. Schwind, Atlanta, pro se.

Julian D. Halliburton, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This is a suit for breach of contract. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 (1970). Pending before the court is plaintiff's motion for leave to serve defendant Edwin F. Gordon by substituted service of process.

The facts of the case are simple. The plaintiff alleges that he was hired by defendant Halliburton, on behalf of defendant Gordon, to provide Halliburton with assistance and advice in connection with Gordon's pending and proposed litigation in the United States District Court for the Northern District of Georgia. Pursuant to a contract negotiated and executed at the plaintiff's offices in Atlanta, Georgia, the plaintiff provided legal services from January 1980, to June 1981.

Plaintiff billed Gordon for his services, but Gordon has refused to pay in full. Accordingly, this suit was filed in August, 1981.

Defendants Halliburton and Gordon are both residents of Broward County, Florida. Halliburton was personally served by a United States Marshal in Broward County. Dr. Gordon, however, successfully evaded repeated attempts at service by the United States Marshal. The plaintiff moved for appointment of a special agent for service, and an agent was appointed October 30, 1981. See Rule 4(c), Fed.R.Civ.P. The special agent has also proved unsuccessful in serving Dr. Gordon.

The plaintiff now seeks to have Dr. Gordon served by publication, pursuant to Ga. Code Ann. § 81A–104(e)(1)(i) (1981). For the reasons set forth below, plaintiff's motion must be DENIED.

Plaintiff relies on Rule 4(d)(7) of the Federal Rules of Civil Procedure, which allows a plaintiff to serve a defendant in the manner prescribed by the law of the state in which the district court where suit is brought sits. In turn, plaintiff argues that Georgia law permits substituted service by publication where the defendant avoids service. In pertinent part Ga.Code Ann. § 81A–104(e)(1)(i) states that:

When the person on whom service is to be made resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State, or conceals himself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such judge or clerk may grant an order that the service be made by the publication of summons.

However, the plaintiff has overlooked several limitations on both Rule 4(d)(7) and Ga.Code Ann. § 81A–104(e)(1)(i).

As plaintiff recognizes, service of process in a diversity action must conform to the Federal Rules of Civil Procedure. Under Rule 4 of these rules, a summons and complaint must be served upon all defendants in a civil action. Rule 4(d) provides several methods of federal service, including Rule 4(d)(7), which incorporates, with some limitations not relevant here, most state methods of service. However, Rule 4(f) limits all such service of process to the territorial limits of the state in which the district court is held, unless some federal statute or rule authorizes extra-territorial service. *See* 4 Wright & Miller, Federal Practice and Procedure § 1062 *et seq.; Stanley v. Local 926, International Union of Operating Engineers,* 354 F.Supp. 1267 (N.D.Ga.1973).

No federal statute authorizes extra-territorial service in the present case. But Rule 4(e), Fed.R.Civ.P., authorizes extra-territorial service "under the circumstances and in the manner prescribed" by a state long-arm statute. Georgia has such a long-arm statute, Ga.Code Ann. § 24–113.1 (1978).

Georgia Code Ann. § 24–115 (1978), prescribes the manner of service under the Georgia long-arm statute. Thus, the methods of service provided for in section 81A–104(e)(1)(i) are available for use against a non-resident defendant by way of the federal rules, only if authorized under code section 24–115.

Under § 24–115, whoever is subject to the jurisdiction of the courts of Georgia under the long-arm statute, may be served with a summons outside Georgia in the same manner service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is to be made, or by any qualified attorney, solicitor, barrister, or equivalent person. Despite its broad language, section 24–115 does not allow out of state service in every case where in state service is permissible.

It is well established under Georgia law that the application of § 81A–104(e)(1)(i) is limited by § 81A–104(i) which states that "the provisions for service by publication herein provided shall apply in any action or proceeding in which service by publication now or hereby may be authorized by law." *Railey v. State Farm Mutual Insurance Co.,* 129 Ga.App. 875, 879, 201 S.E.2d 628 (1973). No law authorizes service by publication under the Georgia long-arm statute. To the ·contrary, it is fundamental under Georgia law that "for the court to bind non-residents by its judgment in personam there must be personal service or waiver of personal service upon such non-residence." *See, e.g., Tapley v. Proctor,* 150 Ga.App. 337, 338, 258 S.E.2d 25 (1979); *Veal v. General Accident Fire and Life Assurance Corp.,* 128 Ga.App. 610, 611, 197 S.E.2d 410 (1973).

In support of his motion, the plaintiff cites *Melton v. Johnson,* 242 Ga. 400, 249 S.E.2d 82 (1978). In that case, service by publication under § 81A–104(e)(1)(i) was upheld on a defendant who wilfully evaded service of process. It was crucial to that decision, however, that the defendant was a resident of Georgia who was present within the state.

Because the courts of Georgia would not uphold service by publication on a non-resident, out of state defendant in an in personam action, this court cannot allow such service under Rule 4(d)(7), Fed.R.Civ.P.

The results reached by the Georgia courts are constitutionally compelled. It is worth noting that mere residence out of state is sufficient to invoke service by publication under § 81A–104(e)(1)(i) when its use is authorized. Section 81A–104 does not require that a defendant be avoiding service. Nor must there have been prior attempts at personal service. If plaintiff's theory were correct and service was allowed, Georgia plaintiffs would have a field day, albeit an unconstitutional one, obtaining default judgments against non-resident defendants. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The plaintiff's motion is hereby DE-NIED.