CAMPBELL (HINMAN), executrix, *v.* TRUST COMPANY OF GEORGIA, trustee, *et al.*

38

No. 14681. . November 29, 1943. Rehearing denied December 10, 1943.

*Arnold, Gambrell & Arnold* and *W. Paul Carpenter,* for plaintiff. *Spalding, Sibley & Troutman, Copeland & Dukes, Marshall L. Allison, Moise, Post & Gardner, Paul Field, Crenshaw, Hansell & Ware,* and *T. Grady Head, attorney-general,* for defendants.

WYATT, Justice.   The first question to be considered is whether

the overruling of the general demurrer interposed to the petition by Mrs. Virginia Stevenson Hinman as executrix, was error. The petition was demurred to on the ground that it did not set out a cause of action; that the petitioner had a complete and adequate remedy in the suit pending between the defendant and the petitioner at the time the petition was filed in which all the issues in the present suit could have been determined; that the petition purported to be a bill of interpleader but it did not show that the petitioner was disinterested or was not in collusion with either of the parties claiming the property; that the petition could not proceed as a bill in the nature of a bill of interpleader. Trust Company of Georgia, trustee, who, in the interest of convenience, will be referred to as plaintiff-trustee, counters in its brief that, "the petition is not one of strict interpleader. It is sustainable, although plaintiff-trustee may have an interest in sustaining the trust," and that "plaintiff is a trustee seeking direction of the court in the construction of a will and in the distribution of the trust estate." The plaintiff-trustee further contends that the petition is not fatally defective "because the trustee failed to allege affirmatively that it was not in collusion with either of the parties-defendant who claims the property." Whether the petitioner can maintain a proceeding of the nature here involved requires a consideration of the position a trustee of the character here described occupies under the law, and the further question of equity jurisdiction over such trustee. The history of uses and trusts shows that they were originally used to evade the law. For instance, when testators were unable to bequeath an inheritance or legacy directly to certain persons, they simply gave it in trust to other persons who were capable of taking it; hence such bequests were known as trusts, because they could not be enforced by law, but depended entirely on the honor of the person thus entrusted. The ecclesiastical courts in England very generally had jurisdiction over these trusts because usually the church was the beneficiary, and by appealing to the conscience of the trustee they could force him to perform the trust as intended by the testator. Thus the English chancery courts came to be established, and trust matters forced into equity courts. The equity jurisdiction we have adopted in this country from England included trust-estates conveyed by deed or will for the benefit of those who were incompetent to hold or manage prop-

erty in their own names. Equity jurisdiction of trust-estates and trustees was originally based upon the proposition that the wards were unable to protect themselves, and therefore were deemed objects of special care of the sovereign. The policy of the law has always been, and now is, to give full protection to the class of wards above named in a court of equity, and to give to equity courts full and complete jurisdiction over this class of trustees. For a full and complete history of this subject see the opinion of Mr. Justice Gilbert in *Caldwell* v. *Hill,* 179 *Ga.* 417 (176 S. E. 381, 98 A. L. R. 1124), and cit.

The trustee in the case now under consideration is not such a trustee, and does not purport to act on behalf of a ward unable or incompetent to act. This trustee occupies the status of a trustee by virtue of a voluntary contract entered into for which the law provides a compensation. The contract, under the terms of which the trustee acts, provides: "The trustee accepts these trusts and agrees to carry out their terms agreeably to the provisions of the laws of the State of Georgia, whose provisions govern." The trustee is given very broad authority with reference to the property involved, title to which is vested in the trustee, including the right to sell at private or public sale, without any order of court, and to reinvest in the same manner. The trustee here created is the result of a very definite contract, the rights and duties of the trustee being set out in the contract. Since the trustee here created is not a trustee of the class first referred to in this opinion over which courts of equity have complete jurisdiction, the question arises how and to what extent does equity have jurisdiction over this class of trustees. The very nature of the relationship, construed in the light of the history of trustees and trust-estates, discloses that the compelling reason for exclusive equity jurisdiction does not here exist. We conclude from what has been said above that the fiduciary relation existing by reason of a trust and trustee, such as is here involved, is entitled to equitable relief and protection on the same basis as executors, administrators, and like fiduciary relationships, the only theory upon which equitable relief can be invoked being that the trustee has been entrusted with the property of others. This being true, can this trustee maintain the petition here under consideration as a petition for interpleader? This trustee is certainly under an obligation to protect the trust-estate

created by virtue of the contract entered into, and to defend any action which may result in loss to the trust-estate. See generally, 2 Scott on Trusts, 940, § 178; Restatement of the Law on Trusts, § 178. This trustee is no less under obligation to protect and defend the interest of the trust-estate represented by it than would be an executor or administrator in reference to estates which they represent. The only reason advanced by the petitioner why a court of equity should intervene is that a third person, to wit: Mrs. Virginia Stevenson Hinman claims certain property as executrix of the will of Thomas Philip Hinman Jr., held and claimed by the trust estate by virtue of an alleged paramount title to that of the donor, Mrs. Florence Hand Hinman, or the party with whom the trustee contracted when the trust estate was created. Under these circumstances, can it be said that the trustee is not required to protect and defend the title to the property of the trust estate? We think not. If under such circumstances, an executor and an administrator are required to defend the title to property of estates represented by them, why should not a trustee of the char·acter here under consideration be required to defend its title? We are unable to make the distinction.

The law seems to be well settled that an executor or administrator under circumstances as presented in this case could not maintain a petition for interpleader. In the case of *Adams* v. *Dixon,* 19 *Ga.* 513 (65 Am. D. 608), where this question was well considered, the headnotes to the opinion are as follows: "(1) To entitle a person to a bill of interpleader, he must claim no interest in the fund or property, claimed of him by persons, on whom he calls to interplead· and have their rights adjudicated. (2) An executor has such an interest in property which came to his hands as executor, and for which he is sued by a person claiming it by title paramount to that of testator, as precludes him from calling on parties claiming under the will, to interplead with the plaintiff; he is bound to defend. (3) In such case, the interposition of a court of equity, is not necessary to his protection. The judgment of a court of law, on the legal title, if against him, will protect him." In the opinion, the court said: "He (an executor) can not, by a bill of interpleader, call on legatees, whose interest it is his duty to protect, to assume the burdens of litigation which his office of executor imposes on him. . . The pendency of the

action for the property, will be sufficient to suspend any suit that the legatees may institute against him. The suit is upon the legal title, and the complainant must defend himself as well as he can at law. In a case of this sort, the court will not assume the right to try the legal title. . . To sustain this bill, would be to protract the litigation between the parties, transfer from a court of law, the appropriate jurisdiction, to a court of chancery, the trial of a mere legal title, and add to the expenses of the parties, without giving the complainant a surer protection than a judgment at law could afford him."

It is alleged in the petition that Mrs. Virginia Stevenson Hinman claims, as executrix, certain of the property in question and that she has demanded delivery thereof by the petitioner, that is, the plaintiff-trustee, and that she has instituted her suit to recover the property. However, a copy of the suit attached to the petition discloses that the suit was proceeding against the Trust Company of Georgia as executor of the will of Thomas Philip Hinman Sr., and not against it in its capacity as trustee under the trust indenture. Furthermore, the plaintiff-trustee states in its brief: "She did not sue the trustee in its capacity as such. . . So it is apparent that the former suit is not *between the same parties,*' nor is it for the same cause of action as the present suit." It therefore follows that no suit has been filed against Trust Company of Georgia as trustee under the trust indenture, in which capacity it sues in the instant action, and similarly it follows that no claim or demand has been made against the plaintiff-trustee except by the Regents of the University System of Georgia, they being the only persons claiming under the trust agreement under which Trust Company of Georgia acts as trustee. The other alleged claimant, Mrs. Virginia Stevenson Hinman as executrix, does not claim under the trust agreement but claims altogether antagonistically to the trust agreement, basing her claim upon a title alleged to be superior to the title of Mrs. Florence Hand Hinman, and consequently superior to the title acquired by Trust Company of Georgia, as trustee, from Mrs. Florence Hand Hinman, the donor of said trust.

In the case of *Phillips* v. *Kelly,* 176 *Ga.* 111 (167 S. E. 281), an executor filed a suit against three named persons as defendants, and named the commissioner of Walton County, and the president

of the Fifth District Agricultural and Industrial School as parties plaintiff. The petition recited that the executor had in his possession described real estate; that he was collecting the rents therefrom; that under the terms of the will of Thomas Giles the title to said property was vested in the County of Walton, subject to certain trusts therein stipulated, and the payment of the rents therefrom to certain legatees for life; and that the three named persons had notified him that they claimed title to the real estate under the will of Mrs. Mary L. Christian, sister of Thomas Giles. He prayed that the County of Walton, as remainderman, be required to defend said cause under the terms of said will; for direction; and that the rights of all parties be determined. The three named persons demurred to the petition and intervened. Walton County demurred to the interventions. The court overruled the general demurrer to the petition, sustained the demurrer to the intervention, and after hearing evidence, directed a verdict for the petitioner. It will be noted from the above statement that no suit had been filed against the executor. The court in discussing the case said: "The petition is not authorized under the Civil Code (1910), § 4597 [Code of 1933, § 37-404]. The contest in this case is restricted to the issue whether or not the real estate mentioned was a part of the estate of Thomas Giles, deceased. If testator had no title to the property, his executor has no right to hold it. If he had title, it necessarily follows that the intervenors have no title. The intervenors in this proceeding are not claiming under the will of Thomas Giles. On the contrary their claim is altogether antagonistic to that will, and they are claiming under the will of Mrs. Christian. Therefore the issue presents none of the questions included within the provisions of § 4597. That section provides: 'In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties, or from excessive caution.' This is not such a case. The allegations do not show difficulty 'in construing' the will of Giles, or 'in ascertaining the persons entitled,' that is, under the will; or 'in determining under what law property should be divided,' that is, divided under the provisions of the will . . of Giles. The petition does not seek a construction of the will. For these reasons the peti-

tion can not be sustained. . . The allegations do not show any ambiguity or any difficulty as to the future disposition of the property and disbursements of the rents, issues, and profits, except the allegations with reference to the antagonistic claim of title by the parties named." The court then held that the petition could not be sustained under the Civil Code (1910), § 5471 (Code of 1933, § 37-1503), which is as follows: "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead," since an executor can not maintain a strict petition for interpleader because of a claimant to the property who claims by virtue of an alleged title paramount to that of his testator. The court in discussing whether or not the petition could be maintained had this to say: "A bill in the nature of a bill of interpleader will lie by a party in interest, to ascertain and establish his own rights, where there are other conflicting rights between third persons. The interest of a plaintiff in a bill in the nature of interpleader must not be an interest which he hopes or expects to acquire as a result of the litigation, but be a subsisting, vested, equitable interest. . . In such case the petitioner must show that his interest can only be protected by resort to equity, and that affirmative equitable relief may be granted under the facts alleged. No affirmative equitable relief is sought by the petitioner. In fact no suit has been brought against him. The executor acting in good faith as to the title is bound to hold the property until recovered in a suit brought by the adversary claimants." The judgment overruling the general demurrer to the petition was reversed.

In the instant case there is only one claimant to the property under the terms of the trust agreement. The only concern of Trust Company of Georgia, as trustee, in reference to distributing the trust property is the fact that another claimant to a part of the property held in the trust, who does not claim under the terms of the trust agreement, but claims antagonistically thereto, the claim allegedly being based on a title paramount to that of Mrs. Florence Hand Hinman, the donor in said trust agreement. This situation raises no question other than a determination of title to the property in question. A court of equity will not entertain a petition

for interpleader under the circumstances detailed. *Manufacturers Finance Co.* v. *Jones Co.,* 141 *Ga.* 619 (81 S. E. 1033); *Wight* v. *Ferrell,* 188 *Ga.* 200 (3 S. E. 2d, 736). In 30 Am. Jur. 218, § 8, the rule is thus stated: "The following conditions are generally held to be necessary in order to entitle a person to a bill of interpleader, as distinguished from a bill in the nature of interpleader: (1) The same thing, debt, or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject-matter; (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder." In the present case the Regents of the University System of Georgia claimed against the plaintiff-trustee under the trust agreement, a different source from that under which Mrs. Virginia Stevenson Hinman, executrix, claimed. She claimed against Trust Company of Georgia as executor of the will of Thomas Philip Hinman Sr., and she claimed under his will. Furthermore the petition failed to meet the requirements of a petition for interpleader in that there was no verification, nor showing that the petitioner was not in collusion with either party claiming the property, as provided by the Code, § 37-1504. Under these views the petition can not be sustained as a petition for interpleader. Neither will a court of equity, under such circumstances, entertain the proceeding as a petition in the nature of an interpleader. *Phillips* v. *Kelly* and *Wight* v. *Ferrell,* supra.

The question whether the petition can be maintained as a petition for direction is also presented. The general rule is that only the legal representative of an estate may apply to a court of equity for direction, or construction of a will. Code, §§ 37-403, 37-404. The only exception to the rule recognized in these Code sections is "upon application of any person interested in the estate where there is danger of loss or other injury to his interest." § 37-403. In the case now under consideration the petitioner did not attempt to place itself under the general exception, to wit, in the position of a "person interested in the estate where there is danger of loss or other injury to his interest." The plaintiff-trustee seeks no construction of the trust agreement under which it holds the prop-

erty. It is alleged in the petition that Trust Company of Georgia acted as executor of the will of Thomas Philip Hinman Sr., and also as trustee under the terms of the will. That, as such executor and trustee, it had performed all of its duties and had been finally discharged as such executor. That subsequently thereto it entered into a trust agreement with an entirely different party, who happened to be the widow of Thomas Philip Hinman Sr., and in that agreement it was named as trustee. The terms of the trust agreement are plain and unambiguous; no ambiguity is claimed in so far as the agreement under which plaintiff-trustee holds the property is concerned; no doubt or difficulty is claimed as to the distribution of the property under the terms of the agreement; and as previously pointed out there is only one claimant to the property under the terms of the trust agreement. The plaintiff-trustee calls upon a court of equity to construe, not the instrument under which it now acts, but the will of a third person under which it acted as executor, and while acting in that capacity, under the allegations of the petition, performed all that was to be done thereunder by distributing the estate. The plaintiff-trustee cannot, by its prayer for direction under the terms of the trust indenture, invoke construction of a will foreign to the trust agreement, in order for such construction to be used by a court of equity as a yardstick to determine the course of conduct to be pursued by it in distributing the trust-estate held by it. The only proper person to have the will of Dr. Thomas Philip Hinman Sr., construed by petition to a court of equity would be the legal representative of that estate, or some legatee or person with an interest in the property of the estate of Dr. Hinman Sr., and in the last instance only where there was danger of loss or other injury to the interest claimed. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Palmer* v. *Neely,* 162 *Ga.* 767 (135 S. E. 90); *Smith* v. *Pitchford,* 189 *Ga.* 307 (5 S. E. 2d, 766).

Finally it is contended that if on no other ground, the petition can be maintained in order to prevent a multiplicity of suits. In *Wight* v. *Ferrell,* supra, Mr. Justice Grice used language that might be appropriately repeated here. "Finally it is insisted that, independently of other grounds, the plaintiff is entitled to relief in order to prevent a multiplicity of suits. To enjoin the two suits would mean that the two other parties shall interplead in this suit, and thus to indirectly give the plaintiff a remedy which we

have adjudged he is not entitled to, under this record. It would be a misapplication of the doctrine relating to the avoidance of a multiplicity of suits to apply it here. The court properly sustained the general demurrer."

In arriving at the rulings here made the court has not overlooked the further fact that the petition discloses that in the suit of Mrs. Virginia Stevenson Hinman as executrix against Trust Company of Georgia as executor, against the prosecution of which injunction is prayed, she sues for the entire remainder of the estate of Thomas Philip Hinman Sr., under his will; while in the petition in the instant case the plaintiff-trustee acknowledges that it is not in possession of all the property claimed by Mrs. Virginia Hinman in her suit as executrix. It is alleged in the petition before us that the plaintiff-trustee is not in possession of, and does not have title to, nineteen shares of the capital stock of the Trust Company of Georgia and ninety-five shares of the capital stock of the National City Bank of New York, which it is admitted comprise a part of the remainder estate of Thomas Philip Hinman Sr. The plaintiff-trustee asks the court to enjoin the prosecution of Mrs. Virginia Hinman's suit, invites her to interplead in its case, but offers her no party against whom, or forum in which, she can prosecute her claim for the recovery of this property.

In view of the rulings here made, we do not decide whether all the parties could have obtained all the relief sought by them in the case of Mrs. Virginia Stevenson Hinman as executrix of the will of Thomas Philip Hinman Jr., against Trust Company of Georgia as executor of the will of Thomas Philip Hinman Sr. See *McCall* v. *Fry,* 120 *Ga.* 661 (48 S. E. 200); *Hamilton* v. *First National Bank of Rome,* 180 *Ga.* 820 (180 S. E. 840). Nor do we make any attempt here to construe the will of Thomas Philip Hinman Sr.

It was error to overrule the general demurrer, and all subsequent proceedings in the cause were therefore nugatory.

*Judgment reversed. All the Justices concur.*