JOEL *et al. v.* JOEL *et al.,* executors, *et al.*

No. 15615.   November 13, 1946.

522

*James W. Arnold,* for plaintiffs in error.

*John L. Green, Erwin, Nix & Birchmore,* and *Dorsey Davis,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) If the petition as amended indicates doubt as to the validity of the title to be acquired by a purchaser at the sale, which would discourage bidders, the demurrer should have been sustained and the petition dismissed. *Hill* v. *McCandless,* 198 *Ga.* 737 (3) (32 S. E. 2d, 774).

The most serious question as to the title arises on account of the restrictions contained in the deed from the original grantor, The Georgia Development Company, and the clause in that deed, to the effect that in the event any of the four express restrictions were violated the title would thereupon immediately revert to the grantor or, in the event of its prior dissolution, to any or all of its stockholders.

To offer the property in question for sale subject to these restrictions and the reverter clause, would undoubtedly render the title uncertain and thereby discourage bidding. But this reversionary interest is such an estate as may be legally assigned. *Cooper* v. *Davis,* 174 *Ga.* 670 (163 S. E. 736); *Shockley* v. *Storey,* 185 *Ga.* 790 (196 S. E. 702). It follows, therefore, that if the present owners of the property have procured a conveyance of this reversionary interest to themselves, a sale on the petition of the owners, free from any lien or interest whatever, would vest the purchaser with absolute title in fee simple. The petition alleges that one of the petitioners, Jake Brandt Joel, prior to the filing of the petition, made a diligent effort to ascertain all of the last stockholders of the corporation, which had been dissolved more than fourteen years, and procured from such stockholders as were in life and all the heirs of those deceased a conveyance of this reversionary interest to himself. It follows, therefore, that, unless there exist other stockholders or heirs of stockholders from whom the petitioner, Jake Brandt Joel, failed to procure a conveyance of this reversionary interest, a sale by a receiver as prayed in this petition would undoubtedly vest the purchaser with unconditional title freed from the restrictions or the effect of the reversionary clause contained in the original grantor's deed. But since the petition as amended fails to allege positively that a conveyance of such interests had been procured from all of the last stockholders in life and the heirs of those deceased, it shows a possibility that there are some still holding this reversionary interest. Is this an insurmountable legal obstacle to the relief sought? We think not. In virtue of the provisions of an act of 1939 (Ga. L. 1939, p. 344), when this possible interest of others not parties to the suit was made to appear to the court, that court was given authority to issue an order directed to all persons having an interest in the subject-matter of the suit to intervene and plead such interest, thus making all necessary parties for the grant of the relief sought in this respect; and it is there provided that, upon failure of such parties to intervene, they will be precluded by the judgment rendered. See *Suttles* v. *J. B. Withers Cigar Co.,* 194 *Ga.* 617 (22 S. E. 2d, 129). The present petition sought the issuance of such an order. It, therefore, appears that, in so far as this contingent reversionary interest is concerned, the amended petition was sufficient to authorize the relief sought.

524

Another matter that is urged here as creating a doubt and uncertainty as to the title is the provision of a will of a joint owner of the property whereby minors own an interest, and it is possible that children yet unborn have an interest. But in view of the fact that the executors of the will are parties to this action, and that guardians of the minors and trustees of interests belonging to minors are all parties to this suit, a judgment granting the relief here sought would be conclusive and binding upon all minors, whether in life or yet unborn. Code, § 113-801; *Peck* v. *Watson,* 165 *Ga.* 853 (142 S. E. 450, 57 A. L. R. 560); *Willingham* v. *Watson,* 165 *Ga.* 870 (142 S. E. 458).

The allegations—showing these complicated questions and causing it to appear that a proper distribution of the proceeds of the sale of three apartment houses not divisible in kind will require an adjudication as to the precise interests of the various interested parties, and showing the difficulty of executing a deed of sale by the owners—make a case justifying the appointment of a receiver and the sale of the property by such receiver under the order of the court, as well as a distribution of the proceeds under the order of the court. Code, §§ 85-1501, 85-1502, 85-1504. The petition alleged a cause of action and was not subject to the grounds of the demurrer, and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur.*