COHEN *et al. v.* McCANDLESS.

No. 15810.   MAY 15, 1947.

*Marvin O'Neal,* for plaintiffs.   *R. W. McDuffee,* for defendant.

WYATT, Justice.   ■   The motion to dismiss the bill of exceptions is based upon a failure to give the notice provided for in Rule 7 of the new rules of appellate procedure (Ga. L. 1946, pp. 726, 735).   This rule requires notice to the defendant in error before the bill of exceptions shall be certified by the trial judge, unless there be a waiver by the defendant in error.   Rule 12 (Ga. L. 1946, p. 739) provides in part: "The action or non-action of the trial judge as to requiring notice under this Section *and Part 7 of this report,* which is to be added to the Code as a new Section, shall not be reviewable."   It follows that this court is without authority to consider the question raised in the motion to dismiss.

■   The Code, Ann. Supp., § 37-410 (Ga. L. 1939, p. 344), provides as follows: "In all equity cases now pending, or hereafter pending, in the superior courts of this State, wherein assets of either or both parties to the cause are being administered, marshaled or otherwise disposed of by the court, the court, upon motion of either party to the case, or, on its own motion at least 60 days before the trial term, shall pass an order to be entitled in the cause and addressed to all parties concerned, requiring all parties claiming an interest in said assets to intervene in the cause not later than a certain date, which is to be fixed by the court, of not less than 60 days from the date of the order and not more than 90 days from the date thereof, and after such order is so passed the same shall be published in the newspaper in the county, in which the case is pending and in which the sheriff's advertisements are published, twice a month for two consecutive months. After said order has been so passed and published, and after the expiration of the time for intervening, as fixed by the order, all parties interested in said assets shall be forever barred from intervening in the case."

In *Suttles* v. *J. B. Withers Cigar Co.*, 194 *Ga.* 617, 619 (22 S. E. 2d, 129), this court said: "The four principal Georgia cases dealing with the orders issued by courts of equity, for the purpose of fixing a date beyond which intervenors would be barred from participating in funds being administered and distributed, are *Columbus Iron Works* v. *Sibley*, 164 *Ga.* 121 (137 S. E. 757); *Industrial Realty Co.* v. *International Reinsurance Corp.*, 183 *Ga.* 605 (189 S. E. 49); *Withers* v. *Hatcher*, 185 *Ga.* 380 (195 S. E. 183); *Gainesville National Bank* v. *Martin*, 187 *Ga.* 559 (1 S. E. 2d, 636). These decisions were rendered before the act of March 24, 1939 (Ga. L. 1939, pp. 344 et seq.), entitled 'An act to provide for limitation of time in which parties may intervene in any case in equity,' etc. That act (§ 1) not only requires that in all equity cases wherein assets are being administered the court shall, sixty days before the trial term, enter an order entitled in the cause and addressed to all parties concerned, requiring all parties claiming an interest in said assets to intervene not later than a certain date, but the date so fixed by the court must not be less than sixty days nor more than ninety days therefrom. It is further provided that the order so passed shall be published in the manner therein pointed out. Section 2 is as follows: 'Be it further enacted by the authority aforesaid, that after said order has been so passed and published, and after the expiration of the time for intervening, as fixed by the order, all parties interested in said assets shall be forever barred from intervening in the case.' By the terms of section 2 the tax-collector was barred, since it declares that 'all parties interested in said assets shall be forever barred from intervening in the case.' Neither the fact that all parties and intervenors might be chargeable, as a matter of law, with notice that the taxes had not been paid, nor that taxes are under our laws of the highest dignity, obviated the necessity of the filing of an intervention as required by the statute. Nor does the fact that the tax-collector was not an actual party to the record take him out of the class of 'parties interested' in the assets, so as to make the provision inapplicable to him."

We think that the ruling made in the *Suttles* case is controlling in the instant case. The claim filed, by way of intervention on the part of the defendant in error, on February 3, 1943, was based upon common stock held by her. This claim had been recognized

and paid. The claim that she filed on February 11, 1947, was based upon preferred stock owned by her; and we think that it was an entirely new claim, in no way connected with the first claim, and could not be tacked on by way of amendment to a claim based upon common stock, which had been terminated by being paid. Moreover, we think that it makes no difference whether the second claim be considered as an amendment to the first claim or as a new and independent claim. The very purpose of the act of 1939, supra, was to fix a date certain when an estate being administered by an officer of the court, such as the estate was in the instant case, can be finally closed, rights fixed, and distribution of the assets made. If claims are to be recognized, either by way of amended claims or as new claims, after the date fixed in accordance with the provisions of the act, the very purpose of the law would be defeated.

It follows that the trial court committed error in allowing the intervention.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*