## MANDEVILLE *v.* FIRST NATIONAL BANK OF ATLANTA *et al.*

No. 16896. JANUARY 10, 1950. REHEARING DENIED FEBRUARY 17, 1950.

428

H. C. Holbrook, M. Neil Andrews, Nall & Sterne, and A. Paul Cadenhead, for plaintiff in error.

Boykin & Boykin, Moise, Post & Gardner, and Hugh E. Wright, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The demurrer asserts a failure to state a cause of action for the relief sought, in that the petition shows on its face that the petitioner has an adequate remedy at law by the terms of its contract, which permits either of the respondents to enter the safety-deposit box.

Code § 37-1503 provides: "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead."

It is not here insisted that the bank is "possessed of property or funds, . . to which more than one person shall lay claim." In the bank's brief it is specifically stated that it is not interpleading the claimants to a fund in its possession. It is therefore unnecessary to decide whether one who rents the use of a safety-deposit box to others, as here alleged, has such possession of the property or funds as to authorize the bank to interplead rival claimants thereto.

It is insisted though that the bank is placed in the position where it owes a "duty, to which more than one person shall lay claim," as each of the respondents claims the right to enter the safety-deposit box, and each has instructed the bank not to permit the other to do so. The question therefore presented is whether the bank owes a duty to more than one person of such a character as to render it doubtful or dangerous for it to act. While it is not incumbent upon the bank to decide at its peril either close questions of fact or nice questions of law, nevertheless, when it is in possession of all the facts and the questions of law are not intricate or debatable, a petition for interpleader will be denied. *Franklin* v. *Southern Ry. Co.*, 119 *Ga.* 855 (1) (47 S. E. 344); *Knight* v. *Jackson*, 156 *Ga.* 165 (1) (118 S. E. 661); *Lassiter* v. *Bank of Dawson*, 191 *Ga.* 208 (4) (11 S. E. 2d, 910). The petition shows that the bank has a contract in which it is agreed that either Mandeville or Mrs. Mandeville could enter this box. The respondent Newell, as administrator, has all the rights that Mandeville had under the contract. The court is not concerned with the wisdom of such a contract. The bank is in possession of all the facts, and in view of the contract, which permits either Mrs. Mandeville or the administrator of Mr. Mandeville to enter the box, the bank is not confronted with intricate or debatable questions of law, such as would put the bank in peril in permitting either respondent to enter the box.

The fact that described bonds were placed in the box by agreement between the respondents after the death of Mr. Mandeville, and the subsequent acts of the respondents in reference to the right to enter the box, would not constitute a novation of the contract above referred to. Such does not meet the requisites of a novation. *Savannah Bank & Trust Co.* v. *Wolfe*, 191 *Ga.* 111 (4) (11 S. E. 2d, 766); *Williams* v. *Rowe Banking Co.*, 205 *Ga.* 770 (55 S. E. 2d, 123).

Accordingly, the trial court erred in overruling the general demurrer. *Judgment reversed. All the Justices concur.*