ALMAND, administrator, *v.* REESE *et al.*

No. 17858. ARGUED MAY 12, 1952—DECIDED JUNE 9, 1952.

*O. J. Tolnas*, for plaintiff in error.

*Lon L. Fleming, Randall Evans Jr., C. L. Pilcher, J. Cecil Davis* and *Cohen & Cohen*, contra.

WYATT, Justice. ■ The defendants in error have filed a motion to dismiss the bill of exceptions in this court, stating therein numerous grounds for dismissal. We think it sufficient to say that we have carefully considered each and every ground of this motion and find no merit in any of them.

■ In the instant case, there are four types of alleged claimants to the proceeds of the policy of fire insurance, and a fifth, who in an intervention claims the fund. First, there is the holder of a security deed to the property insured and destroyed by fire, who was protected by an endorsement on the policy. No one questions his right to recover his loss out of the proceeds of the policy, and his claim can not, therefore, be the basis of a bill of interpleader.

The next class of claimants is the creditors of W. A. Reese who served summons of garnishment upon the defendant in error. The claim of this class of claimants is based upon the right of W. A. Reese to the fund in question. If he has no right to the fund, they have no claim to it or any part of it. The action of garnishing creditors is not sufficient to authorize

the garnishee to maintain a bill of interpleader. He has an adequate defense at law by simply setting out in his answer the facts as to how he came into possession of the fund or property in his possession. *Connolly* v. *Thurber Whyland Co.,* 92 *Ga.* 651 (18 S. E. 1004).

This leaves as alleged claimants to the fund Preston M. Almand, as administrator of the estate of Mrs. W. A. Reese, and W. A. Reese, as sole heir at law of Mrs. W. A. Reese, and later, Lon L. Fleming, as trustee in bankruptcy for W. A. Reese. W. A. Reese has made no claim to the proceeds of the insurance policy. Under the allegations of the petition, he has filed no proof of loss or done anything to attempt to collect under the policy. However, since the claim of the garnishing creditors, and later the trustee in bankruptcy, is based upon the right of Reese to the fund, the question arises whether or not his alleged right to the fund is such as to render it doubtful or dangerous for the holder to act, or whether a bill of interpleader is authorized in any event in this case.

Code § 37-1503 provides: "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Before a claim will be held to be of such character as to render it doubtful or dangerous for the holder to act, there must be a close question of law or fact. *Mandeville* v. *First National Bank,* 206 *Ga.* 426 (57 S. E. 2d, 553), and cases there cited. "The following conditions are generally held to be necessary in order to entitle a person to a bill of interpleader, as distinguished from a bill in the nature of interpleader: (1) The same thing, debt, or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder." 30 Am. Jur. 218, § 8, quoted in *Campbell* v. *Trust Company of Ga.,* 197 *Ga.* 37 (28 S. E. 2d, 471, 152 A.L.R. 1111).

Applying the rules above stated to the allegations of the petition in the instant case, we find that the allegations are not sufficient to entitle the defendant in error to maintain a bill of interpleader. The petition alleges that the policy of insurance was issued to Mrs. W. A. Reese; that Mrs. W. A. Reese borrowed $1000 from R. H. Hall, and gave her note and security deed to the property insured under the policy, and had an endorsement entered on the policy to insure R. H. Hall against any loss within the limits of the policy; that Mrs. W. A. Reese died; and that W. A. Reese represented to the company that he was the sole heir at law of Mrs. W. A. Reese, that she owed no debts, and that no administration on her estate was necessary. These allegations show beyond doubt that the insurance company knew that Mrs. W. A. Reese owed debts, and that it would be necessary to administer her estate. The very policy under which this action arose relates that Mrs. W. A. Reese had at least one debt that had not been paid, and it was apparent that administration of her estate would be necessary. There could be no doubt but that the administrator would be entitled to administer the estate of Mrs. W. A. Reese; and when the loss occurred under the policy of insurance, that he would be entitled to administer the proceeds. It is therefore apparent that the necessary element of reasonable doubt as to which claimant should prevail, rendering it doubtful or dangerous for the holder to act, is not present.

The petition shows that the insurance company recognized this. It is alleged that the administrator filed a proof of loss under the policy, and that the company reached an agreement with the administrator settling the amount of the loss at $2800. They have reached no agreement with W. A. Reese or anyone claiming under him.

The petition is defective for the further reason that it shows that the insurance company is not merely a disinterested stakeholder. The claimant on one side has agreed to a settlement of the liability of the company for $2800, a sum substantially smaller than the full liability to which the company could be subjected under the policy. They have reached no such agreement with the claimants on the other side. The insurance company is therefore interested in upholding the agreement which

it has concluded with the administrator, and for this reason is not entitled to maintain a bill of interpleader. *Campbell* v. *Trust Company of Ga.*, supra; *Little & Green* v. *Davis*, 140 Ga. 212 (78 S. E. 842).

For the above reasons, the judgment of the court below overruling the general demurrer to the petition was error. Since the general demurrer should have been sustained, all that happened after the order on the general demurrer was nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*