74

18719. POPE *et al. v.* POPE *et al.*

ARGUED SEPTEMBER 15, 1954—DECIDED OCTOBER 11, 1954.

C. C. *Crockett, W. W. Larsen, Jr.,* for plaintiffs in error.

R. M. *Daley, Lester F. Watson, Carl K. Nelson, Nelson &
Nelson, Abbot & Abbot,* contra.

DUCKWORTH, Chief Justice. Since the attack made upon the judgment is squarely and completely based upon Code (Ann. Supp.) § 37-410 (Ga. L. 1939, p. 344), a ruling on whether or not the facts relied upon come within the provisions of that statute will decide this case. While the statute refers to "all equity cases" now or hereafter pending, it joins thereto the qualifying provision, "wherein assets of either or both parties to the cause are being administered, marshaled or otherwise disposed of by the court," thus plainly and conclusively showing

that, before the act can be resorted to, the case must be pending in a court of equity, and also assets must then be in the custody of the court for the purpose of being administered, marshaled or otherwise disposed of. This at once clearly excludes from the act all cases, including equity cases, where there are no assets to administer, marshal or otherwise dispose of by the court. In cases covered by the act, upon motion of either party or upon its own motion, the court can, at least 60 days before the trial term, pass an order addressed to all parties concerned, requiring all parties claiming an interest in *said assets* to intervene not later than a certain date to be fixed by the court not less than 60 days from the date of the order nor more than 90 days from that date, the order to be published in the newspaper in the county in which sheriff's advertisements are published, twice a month for two consecutive months. After the order is thus passed and advertised, and after the expiration of the time for intervening, as fixed by the order, all parties interested in *said assets* shall be forever barred from intervening in the case.

The decision in *Suttles* v. *J. B. Withers Cigar Co.*, 194 *Ga.* 617 (22 S. E. 2d 129), upheld the act as against the attacks alleging that it offended the Constitution (Code, Ann., §§ 2-103 and 2-2401) and planted that holding upon a construction that the judgment barring one from the right to participate in the fund in court "is a judgment in rem." The assets in that case were in the hands of a receiver appointed by the court. Likewise assets were in the hands of a receiver in *Cohen* v. *McCandless*, 202 *Ga.* 231 (42 S. E. 2d 739). And while no assets were in the hands of the court in *Joel* v. *Joel*, 201 *Ga.* 520 (40 S. E. 2d 541), there was no bar order of the court in that case either, because that decision was on a judgment on demurrer to a petition praying for the appointment of a receiver, sale by the receiver of the property described, and a bar order under the 1939 act requiring all parties claiming an interest in the property thus taken into custody of the court to intervene. That decision is in harmony with the statute and the other decisions cited above in the indispensable requirement that equity courts can issue bar orders as provided in the statute only in cases where such courts have in hand assets that are being "administered, marshaled or otherwise disposed of by the court."

There were no assets in the present case in the hands of the court when the order to intervene by April 1, 1948, was entered on January 19, 1948. Therefore, it follows that the court did not err in rendering the judgment of March 10, 1950, denying the prayers of the petitioner to strike all interventions filed subsequently to April 1, 1948; consequently the final judgment is not erroneous as contended because it was the result of an erroneous judgment rendered March 30, 1950, refusing to strike the interventions.

*Judgment affirmed. All the Justices concur.*