19939. NATIONAL AUTOMOBILE INSURANCE COMPANY *v.* VAUGHN *et al.*

ARGUED JANUARY 16, 1958—DECIDED FEBRUARY 7, 1958.

*Ginsberg & Haskins, Sidney Haskins,* for plaintiff in error.

*Walker & Henderson, Wotton, Long & Jones, Calhoun A. Jones, Hewitt W. Chambers,* contra.

HEAD, Justice. ■ A petition for interpleader is an equitable proceeding. *Terhune* v. *Pettit,* 195 *Ga.* 793, 795 (25 S. E. 2d 660). All questions as to the value of the automobile insured by the plaintiff, being questions of fact, could be determined in the Civil Court of Fulton County, and the intervention of equity to determine the value of the automobile would be wholly unauthorized.

"Under numerous decisions of this court in relation to the subject-matter of fire insurance, all persons interested in the contract should be joined, in order properly to adjudicate the question of liability or non-liability of the insurer." *Firemen's Insurance Co.* v. *White,* 181 *Ga.* 759 (2) (184 S. E. 316). See also *Ga. Casualty &c. Co.* v. *Pincus,* 89 *Ga. App.* 836 (81 S. E. 2d 527). The plaintiff, by appropriate special demurrer, could have raised the question of nonjoinder of a necessary party plaintiff in the Civil Court of Fulton County. The plaintiff therefore had a full, complete, and adequate remedy at law.

■ In order to entitle a party to a petition for interpleader, the adverse claims must be derived from a common source, and the petitioner must show that he claims no right in opposition to the claimants, or either of them. To sustain a petition in the nature of a petition for interpleader, the petitioner must show an equitable, vested, and subsisting interest as opposed to an interest he expects or hopes to acquire as a result of the litigation. *Phillips* v. *Kelly,* 176 *Ga.* 111 (167 S. E. 281) ; *Campbell* v. *Trust Co. of Ga.,* 197 *Ga.* 37 (28 S. E. 2d 471, 152 A. L. R. 1111); *Almand* v. *Reese,* 209 *Ga.* 138 (71 S. E. 2d 223).

Under the foregoing rules, the petition could not stand as an action for interpleader, or as an action in the nature of a petition for interpleader. The petition is insufficient to state a cause of action in equity to avoid a multiplicity of suits. *Wight* v. *Ferrell,* 188 *Ga.* 200 (3 S. E. 2d 736).

*Judgment affirmed. All the Justices concur.*