47269. BUFORD COMMERCIAL BANK v. LUKER.

EVANS, Judge. 1. In all equity cases wherein assets of either or both parties to the cause are being administered, marshaled or otherwise disposed of by the court, the court may issue a bar order under the authority of Code Ann. § 37-410 (Ga. L. 1939, p. 344). See in this connection Suttles v. J. B. Withers Cigar Co., 194 Ga. 617 (1, 2) (22 SE2d 129); Joel v. Joel, 201 Ga. 520, 523 (40 SE2d 541); Cohen v. McCandless, 202 Ga. 231, 234 (42 SE2d 739); Jones v. Staton, 78 Ga. App. 890, 897 (52 SE2d 481). The plaintiff's remedy as a secured creditor was by intervention on or before September 20, 1971. Absent an intervention, it had no right to file an action for declaratory judgment. Therefore, the court did not err in granting the motion for summary judgment in favor of defendant requiring plaintiff to surrender unto defendant the title certificates to the four automobiles in the possession of the receiver, and in denying the prayers of the plaintiff for declaratory relief.

2. The 16 conditional-sale contracts in the possession of the plaintiff are not here involved, as the defendant receiver admitted he was not entitled to the same.

3. However, the bank account, allegedly in the amount of $6,280.55 as shown by Exhibit D attached to the defendant's answer and counterclaim, which was therein shown to be exhausted by withdrawals dated 9/27/71 and 9/30/71, thereby showing a zero balance on 9/30/71,

remains in question. The receiver, in his affidavit stated he "delivered a copy of the court's order dated June 16, 1971, to the Bank of Cumming and the Buford Commercial Bank." He also stated, not under oath, at a hearing that it was delivered to Mr. Forrest Puckett, President and Cashier of the Buford Commercial Bank. Mr. Puckett's affidavit in response to the motion for summary judgment stated unequivocally that, "James Luker [the Receiver] did not personally hand to the affiant a copy of the order as he claims." These affidavits are in conflict. Thus, whether or not the bank deposit was legally paid out by the bank as required by banking regulations or laws remains for decision; and the court erred in granting summary judgment in favor of the receiver since it is not shown how the fund was paid out by the bank.

*Judgment reversed in part; affirmed in part. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 23, 1972—DECIDED JULY 5, 1972.

*Smith & Smith, Douglas E. Smith,* for appellant.
*Herbert R. Edmondson,* for appellee.